IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL,<br><br>        Plaintiff,<br><br>    vs.<br><br>W. STRUFFERT, et al.,<br><br>        Defendants. | No. C 13-5084 YGR (PR)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; DENYING HIS MOTION FOR RECONSIDERATION; AND SERVING COGNIZABLE CLAIMS IN AMENDED COMPLAINT** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Plaintiff initially filed a complaint, dkt. 1, and he has since filed a motion for leave to file an amended complaint, dkt. 10. He has also attached a proposed amended complaint. Dkt. 11. Plaintiff's motion for leave to proceed *in forma pauperis* has been granted. Dkt. 8. Plaintiff's motion for appointment of counsel has been denied. Dkt. 9. However, Plaintiff has filed a motion for reconsideration of the Court's denial of his motion for appointment of counsel. Dkt. 12.

Venue is proper because the events giving rise to his claims are alleged to have occurred at Pelican Bay State Prison ("PBSP"), which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

For the reasons outlined below, the Court GRANTS Plaintiff's motion for leave to file an amended complaint, DENIES his motion for reconsideration of the Court's denial of his motion for appointment of counsel, and reviews the amended complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**I.    Plaintiff's Motion for Leave to File an Amended Complaint**

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments, however, and leave is to be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

The Court notes that the defendants in this action have not been served at this time. Plaintiff may as a matter of course amend his complaint because a responsive pleading has not yet been

served.  *See* Fed. R. Civ. P. 15(a).  Accordingly, Plaintiff's motion is GRANTED.  (Dkt. 10.)

**II.      Initial Review of Amended Complaint**

   **A.      Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

   **B.      Legal Claims**

In his amended complaint, Plaintiff alleges multiple incidents involving the PBSP prison officials named as Defendants in the instant action.  Specifically, the Court finds that Plaintiff has alleged the following cognizable claims against the following named Defendants:

   (1)      Defendants Sergeant W. Struffert and Officer D. McGuirt:

      (a)      used excessive force on Plaintiff on January 20, 2012, in violation of the Eighth Amendment;

      (b)      violated Plaintiff's First Amendment rights by retaliating against him and preventing him from filing a prison grievance relating to the aforementioned use of force incident;

      (c)      violated Plaintiff's due process rights by confiscating his personal property, including his television, on January 20, 2012 without a hearing; and

      (d)      violated Plaintiff's Eighth Amendment rights by causing him to be confined in an "empty cell" for "23 hours a day" and "caus[ing] [him] psychological suffering . . . ."

   (2)      Defendants McGuirt and Officer J. Phillips falsified prison records on February 22, 2012 to indicate that Plaintiff refused to attend a disciplinary hearing "relative to [Rules Violation Report ("RVR")] #S12-01-0012" when Plaintiff claims that "[a]t no time did [he] ever refuse a hearing for RVR # S12-02-0012."

Dkt. 11 at 3-15.[1]

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

2

### C. Claims Against Doe Defendants

Plaintiff identifies "Doe[s] 1-3," whose names he intends to learn through discovery. Dkt. 11 at 3. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id.* Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against these Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn these Doe Defendants' identities through discovery, he may move to file an amended complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### III. Renewed Request for Counsel

On April 15, 2014, the Court denied Plaintiff's motion for appointment of counsel without prejudice. On June 5, 2014, Plaintiff filed a motion for reconsideration of that ruling. Dkt. 12. In this District, a party must seek and obtain leave of court prior to filing a motion for reconsideration. Civ. L.R. 7-9. Under Local Rule 7-9, the movant must show a material change in fact or law or that a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *Id.* 7-9(b).

Here, Plaintiff failed to comply with Local Rule 7-9, which, standing alone, is sufficient to deny his motion. *Tri-Valley CARES v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Even if the motion for reconsideration is construed as a motion for leave to file a motion for reconsideration, Plaintiff fails to make the requisite showing under Local Rule 7-9. Moreover, Plaintiff's motion fails to demonstrate that the instant case involves "exceptional circumstances" warranting the appointment of counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (reciting standard for the appointment of counsel). The motion for reconsideration is DENIED. (Dkt. 12.)

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

3

1. Plaintiff's motion for leave to amend is GRANTED. (Dkt. 10.) The Clerk of the Court is directed to file the document labeled "Amended Complaint," (dkt. 11), and mark the Amended Complaint as filed on May 14, 2014, the date it was received by the Court.

2. The aforementioned legal claims are COGNIZABLE against the named Defendants.

3. Plaintiff's claims against the Doe Defendants identified as "Doe[s] 1-3" are DISMISSED from this action without prejudice.

4. Plaintiff's motion for reconsideration is DENIED. (Dkt. 12.)

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (dkt. 11) and a copy of this Order to the following Defendants at PBSP: **Sergeant W. Struffert and Officers D. McGuirt and J. Phillips.** The Clerk shall also mail a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the amended complaint in accordance with the Federal Rules

of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

        a.      No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the amended complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is *not* clear on the face of the amended complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant are entitled to summary judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants'

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

motion is filed.

        c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the amended complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9.     All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

10.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

11.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

12.     This Order terminates Docket Nos. 10 and 12.

IT IS SO ORDERED.

DATED:  August 28, 2014

                                        **YVONNE GONZALEZ ROGERS**
                                        **UNITED STATES DISTRICT COURT JUDGE**