UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SENARBLE CAMPBELL,

Plaintiff,

v.

W. STRUFFERT, et al.,

Defendants.

Case No. 13-cv-05084-HSG (PR)

**ORDER ADDRESSING PENDING MOTIONS**

Re: Dkt. Nos. 21, 24, 30, 35, 46, 47, 48

**INTRODUCTION**

On May 14, 2014, plaintiff, a state prisoner incarcerated at Corcoran State Prison ("CSP"), filed a pro se amended complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations by staff at Pelican Bay State Prison ("PBSP"), where he was formerly incarcerated. On August 28, 2014, the Court screened the amended complaint and ordered service on three defendants: Sergeant W. Struffert, Officer D. McGuirt, and Officer J. Phillips.

Thereafter, on January 23, 2015, defendants filed a motion for summary judgment. Plaintiff requests an extension of time to file his opposition. Also before the Court are several miscellaneous motions brought by plaintiff.

**DISCUSSION**

**A.   Motion for Protective Order**

On November 21, 2014, plaintiff filed a "Request for Order on Discovery Being Non-Admissible Evidence," seeking a court order barring defendants from using the deposition testimony plaintiff provided on November 17, 2014. The Court construes the request as a motion for protective order.

Plaintiff explains that defense counsel showed up at CSP on November 17, 2014 and announced that they were there to depose him. Plaintiff states that he had no prior notice of the deposition. He has filed with the Court a copy of the notice of deposition, which apparently was

1   not served on him until November 10, 2014.  According to the certificate of service attached to the

2   notice, service was effectuated by mail.  Dkt. No. 22 at 5.[1]  Plaintiff explains that because of the

3   delay in prison mail processing, he did not receive the notice until after the fact.  He states that he

4   informed defense counsel that he had not received notice.  He also states that he was "not in

5   agreement to take the deposition" but that defense counsel "pushed forward."  Dkt. No. 22 at 7.

6   Finally, plaintiff states that he is a mental health patient and has difficulty remembering events that

7   occurred more than two years prior without first reviewing notes.  Dkt. No. 29 at 3.

8         Defendants have filed an opposition to the motion.  They concede that notice was not

9   served on plaintiff until November 10, 2014 – a mere seven days before the deposition.  They also

10  concede that plaintiff informed deposing counsel that he had not received notice.  Defendants

11  argue, however, that plaintiff never objected "to moving forward with having his deposition

12  taken."  Dkt. No. 23-1 at 2.

13        Based on the record before the Court, defendants failed to provide plaintiff reasonable

14  notice of the deposition.  "A party who wants to depose a person by oral questions must give

15  reasonable written notice to every other party."  Fed. R. Civ. P. 30(b)(1).  "A deposition must not

16  be used against a party who, having received less than 14 days' notice of the deposition, promptly

17  moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a

18  different time or place – and this motion was still pending when the deposition was taken."  Fed.

19  R. Civ. P. 32(a)(5).  Plaintiff received no prior notice of the deposition, so he did not have an

20  opportunity to file a motion for a protective order before the deposition commenced.  Therefore, it

21  was not possible for the motion to be pending at the time the deposition was taken.  Plaintiff,

22  however, promptly filed a motion for a protective order after the deposition was completed, and he

23  apparently objected to the lack of notice during the deposition itself.  Although plaintiff might not

24  have specifically requested that the deposition should be suspended so he could seek a court order

25  terminating the deposition based on the lack of proper notice, see Fed. R. Civ. P. 30(d)(3)(a)[2], he

---

[1] Page number citations refer to those assigned by the Court's electronic filing system and not those assigned by the parties.

[2] "At any time during a deposition, the deponent or a party may move to terminate or limit it on

United States District Court
Northern District of California

is proceeding pro se and defense counsel could have initiated the proper procedure to resolve the dispute before proceeding with the deposition.

Accordingly, plaintiff's motion for a protective order is GRANTED, based on defendants' failure to provide the notice required by Rule 32(a)(5). Defendants may not use plaintiff's November 17, 2014 deposition testimony as evidence against him in this case.[3]

**B.      Motion for Summary Judgment**

Because defendants have used plaintiff's deposition testimony as evidence in support of their pending motion for summary judgment, the motion is DENIED. It appears that without plaintiff's deposition testimony, there remain factual disputes as to the following issues: (1) whether plaintiff's excessive force and fraudulent records claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994); (2) whether plaintiff can establish defendants' participation in his property and empty cell claims; (3) whether defendants used excessive force; (4) whether defendants retaliated against plaintiff; (5) whether plaintiff's conditions of confinement in an empty cell violated the Eighth Amendment; (6) whether defendants falsified prison records; and (7) whether defendants are entitled to qualified immunity. See Defendants' Separate Statement of Undisputed Facts (dkt no. 36), at 7-15. Defendants' motion is denied without prejudice to re-filing after either:    (1) removing from the motion all reference to plaintiff's deposition testimony, or (2) taking a new and properly-noticed deposition. The Court orders counsel for defendants to submit, within twenty-one (21) days of this Order, a case management statement stating how they wish to proceed.

**C.      Motion for Extension of Time**

Because the motion for summary judgment is denied, plaintiff's request for an extension to oppose the motion is DENIED as moot. The Court will set a new scheduling order after receiving

---

the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." Fed. R. Civ. P. 30(d)(3)(a).

[3] Plaintiff's motion to strike Exhibit B to defendants' opposition to the motion for protective order (dkt. no. 30) is DENIED as moot.

defendants' case management statement.

**D.     Motion for Settlement Conference**

Plaintiff has filed a motion for a court-ordered settlement conference. Defendants have filed an opposition stating that they do not wish to engage in settlement discussions at this time and prefer to proceed to summary judgment. Accordingly, the motion is DENIED. Plaintiff may submit his own proposed settlement in writing to defendants' counsel if he is so inclined.

**E.     Motion to Appoint Counsel and Medical Expert**

Plaintiff has filed a motion to appoint counsel as well as a medical expert. This is plaintiff's third request for appointment of counsel in this action. For the reasons stated in the Court's prior orders, plaintiff's new request for appointment of counsel is DENIED.

Regarding plaintiff's request for a medical expert, a witness qualified as an expert may testify "[if] scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Under Rule 706, the Court may on its own motion, or on the motion of a party appoint an expert witness. Fed. R. Evid. 706(a).

At this point in the proceedings, the Court finds it is premature to decide whether appointment of a medical expert is warranted. Specifically, until the Court has had the opportunity to review the arguments and evidence submitted by the parties on summary judgment, it cannot determine whether the issues are so complex as to require the testimony of an expert to assist the trier of fact. Accordingly, plaintiff's motion for appointment of a medical expert is DENIED as premature.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff's motion for a protective order (dkt. no. 21) is GRANTED. Defendants may not use plaintiff's November 17, 2014 deposition testimony as evidence against him in this case.

2.     Defendant's motion for summary judgment (dkt. no. 35) is DENIED without prejudice.

3. Plaintiff's motion for an extension of time (dkt. nos. 46, 47) to oppose defendants' summary judgment motion is DENIED as moot.

4. Plaintiff's motion for a settlement conference (dkt. no. 24) is DENIED.

5. Plaintiff's motion to appoint counsel and a medical expert (dkt. no. 48) is DENIED.

6. Defendants shall file their case management statement, pursuant to the instructions above, within **twenty-one (21) days** of this Order.

This Order terminates Docket Nos. 21, 24, 30, 35, 46, 47, and 48.

**IT IS SO ORDERED**.

Dated: 3/10/2015

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge