UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SENARBLE CAMPBELL,

    Plaintiff,

v.

W. STRUFFERT, et al.,

    Defendants.

Case No. 13-cv-05084-HSG (PR)

**SCHEDULING ORDER**

On May 14, 2014, plaintiff, a state prisoner incarcerated at Corcoran State Prison, filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations by staff at Pelican Bay State Prison, where he was formerly incarcerated. On August 28, 2014, the Court screened the amended complaint and ordered service on three defendants.

On November 21, 2014, plaintiff filed a motion for a protective order seeking to bar defendants from using plaintiff's November 17, 2014 deposition testimony as evidence against him in this action. On January 23, 2015, defendants filed a motion for summary judgment.

On March 10, 2015, the Court granted plaintiff's motion for a protective order on the grounds that defendants failed to provide plaintiff reasonable notice of his November 17, 2014 deposition. Because defendants had used plaintiff's deposition testimony in their motion for summary judgment, the Court denied the motion without prejudice to re-filing after either:

1   (1) removing from the motion all reference to the testimony, or (2) taking a new and properly-
2   noticed deposition.
3       Defendants have filed a case management statement stating that they wish to re-depose
4   plaintiff. Defendants request a new dispositive motion deadline of June 19, 2015. Accordingly,
5   the Court now sets the following new briefing schedule:
6       1.    No later than **June 19, 2015**, defendants must file with the Court and serve upon
7   plaintiff a motion for summary judgment. The motion for summary judgment also must be
8   accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what
9   is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
10   2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be
11   served concurrently with motion for summary judgment).
12       2.    Plaintiff's opposition to the summary judgment or other dispositive motion must be
13   filed with the Court and served upon defendants no later than **28 days** from the date the motion is
14   filed.
15       3.    Defendants **shall** file a reply brief no later than **14 days** after the date the
16   opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No
17   hearing will be held on the motion.
18       4.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the
19   Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must
20   do in order to oppose a motion for summary judgment. Generally, summary judgment must be
21   granted when there is no genuine issue of material fact – that is, if there is no real dispute about
22   any fact that would affect the result of your case, the party who asked for summary judgment is
23   entitled to judgment as a matter of law, which will end your case. When a party you are suing
24   makes a motion for summary judgment that is properly supported by declarations (or other sworn
25   testimony), you cannot simply rely on what your complaint says. Instead, you must set out
26   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
27   as provided in [current Rule 56(c)], that contradict the facts shown in the defendants' declarations
28   and documents and show that there is a genuine issue of material fact for trial. If you do not

1  submit your own evidence in opposition, summary judgment, if appropriate, may be entered
2  against you.  If summary judgment is granted, your case will be dismissed and there will be no
3  trial.  *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).
4      (The *Rand* notice above does not excuse defendants' obligation to serve said notice again
5  concurrently with a motion for summary judgment.  *Woods*, 684 F.3d at 939).
6  **IT IS SO ORDERED.**
7  Dated: 4/14/2015

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge